```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

IN RE:                              )
                                    )
TELEGRAPH PROPERTIES, L.P.,         )   Nos. 04 C 6719
                                    )        04 C 7635
        Debtor.                     )
                                    )
_____)
                                    )   Appeals from the United
                                    )   States Bankruptcy Court
GEIER ENTERPRISES, INC.,            )
                                    )   Case No. 02 B 24261
        Plaintiff-Appellant,        )        (04 A 00185)
                                    )
        v.                          )   Bruce W. Black
                                    )   Bankruptcy Judge
TELEGRAPH PROPERTIES, L.P.,         )
                                    )
        Defendant-Appellee.         )

## MEMORANDUM OPINION AND ORDER

Before the court are appeals from the denial of attorney fees and costs in a bankruptcy adversary proceeding. Debtor/adversary defendant/appellee Telegraph Properties, L.P., owned a building located on Randolph Street in downtown Chicago (the "Randolph Building"). Adversary plaintiff/appellant Geier Enterprises, Inc. rented four plus floors of the Randolph Building. Geier Enterprises owned the Randolph Athletic Club,

which it operated at that location. Geier contracted to sell the Athletic Club to Phillips Randolph Enterprises, LLC ("PRE"). Doran Phillips is the sole member of PRE. A condition of the sale was that Geier Enterprises assign its lease to PRE. The lease between Geier Enterprises and Telegraph contained an assignment provision which required that Telegraph consent to any assignment. Under the terms of the assignment provision, Geier Enterprises was to provide certain information to Telegraph and Telegraph could decline the assignment if certain issues were not satisfied. Initially, Telegraph rejected the assignment, but did not explain why. Geier Enterprises then brought the adversary proceeding. Geier Enterprises prevailed on the merits with the Bankruptcy Court entering a declaration that Telegraph's refusal to consent was unreasonable and that Telegraph was compelled to consent to the lease assignment. The bankruptcy court further ordered that each party bear its own fees and costs. Telegraph appealed the ruling on the merits, but subsequently withdrew that appeal when it had a buyer for the Randolph Building. Geier Enterprises appealed from the denial of fees and costs. Geier Enterprises' appeals are still pending.

An issue exists as to whether Geier Enterprises adequately requested fees in the bankruptcy court and whether it

properly preserved its appeal. Therefore, it is necessary to first provide a more detailed description of some of the procedures that occurred below. Geier Enterprises' Amended Adversary Complaint is titled as a complaint for declaratory judgment. It contains one count that is denominated as being pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. The requested relief is for both a declaration that Telegraph has unreasonably refused to consent to the lease assignment and that Telegraph be compelled to consent to the assignment. Additionally, there is a request for an award of costs and attorney fees. Nothing in the Amended Complaint identifies the basis for awarding attorney fees.

Before the bankruptcy court, Geier Enterprises submitted proposed findings of fact and proposed conclusions of law. Neither of those documents made any mention of attorney fees. There was no proposed finding of fact that the lease contained an attorney fees provision nor was there any proposed legal conclusion that Geier Enterprises was entitled to fees. At the end of its posttrial brief, Geier Enterprises conclusorily requested costs and attorney fees. The posttrial brief did not contain any arguments regarding attorney fees. There was no reference to the lease containing a fee provision.

The Bankruptcy Court's judgment is dated September 15, 2004 and was entered on the docket the next day. The judgment reads as follows:

**DECLARATORY JUDGMENT**
Following trial, the Court being fully advised in the premises, and for the reasons stated in open court, JUDGMENT IS ENTERED in favor of the plaintiff and against the defendant.
IT IS HEREBY DECLARED THAT:
1. The defendant, Telegraph Properties, LP, unreasonably refused to consent to the assignment of the LEASE to PRE LLC; and
2. The defendant, Telegraph Properties, LP, is compelled to consent to the assignment of the Lease to PRE LLC.
IT IS FURTHER ORDERED that both parties will be responsible for their own costs and fees.

On September 24, 2004, Telegraph filed its notice of appeal. On September 27, 2004, Geier Enterprises filed its motion for an award of attorney fees and costs and noticed it for presentation on September 30. In the motion, Geier Enterprises contended it was entitled to be awarded attorney fees as part of costs pursuant to Fed. R. Bankr. P. 7054(b). It also contended that it was entitled to attorney fees under § 31 of the parties' lease. Geier Enterprises contended it would have been premature to have requested fees prior to the entry of judgment. It contended that, under Bankruptcy Court Local Rule 7054-1, it had 30 days to file its motion for fees and costs.[1] Geier

---

[1] Rule 7054-1 pertains to a bill of costs. It does not mention attorney fees.

Enterprises further contended that, under the Declaratory Judgment Act, 28 U.S.C. § 2202, a motion for attorney fees would be an appropriate ancillary proceeding that could be considered while the merits were on appeal. The prayer for relief in the motion requests an award of fees and costs, but, in the body of the motion, it is requested that the court clarify whether it has made a final ruling on fees or whether it will entertain a separate post-judgment motion for fees. When the motion was presented on September 30, Geier Enterprises clarified that it did not believe the bankruptcy court had actually ruled on attorney fees because that issue had not yet been addressed by the parties, but to the extent the bankruptcy court had actually ruled on attorney fees, Geier Enterprises was seeking to amend the judgment pursuant to Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(e). In order to give Telegraph an opportunity to respond in writing, the bankruptcy court continued the motion to October 7.

On October 1, before the fee motion was ruled upon, Geier Enterprises filed its cross appeal on the issue of costs and fees. Prior to October 7, Telegraph filed its opposition to the fee motion and Geier Enterprises filed a reply. Telegraph contended the bankruptcy court lacked jurisdiction to consider the fee issue because the case was already on appeal. On October 7, the bankruptcy court denied the motion for costs and

fees. At the hearing the bankruptcy court stated the following reasons:

> Regarding the motion itself to take up the issue of attorney's fees, that motion is denied on either of two bases, either on the jurisdictional issue--this is now in the hands of the District Court, and I think that's probably right. But even if it is, I want to alternatively deny it on the merits so that the record is clear regarding my decision on requiring both sides to pay their own attorney's fees and court costs.
> I did consider that at the end of the trial. I typed the order that was signed on September 15th, and it wasn't a form order. I typed that because I thought that was the appropriate ruling under all the circumstances and all these facts.
> One of the reasons that I felt strongly that both sides should pay their own attorney's fees was that my view of the case is that it should have been a fairly simple job representing Mr. Phillips and Mr. Geier to make sure that all of the financial information for Mr. Phillips personally and the LLC was available to the debtor. And I thought that had the legal representation been better at the earlier stages of this proceeding, we never would have had a trial. And as I indicated when I decided the case, much of this is a failure to communicate. And I think that a substantial part of that failure was Mr. Zimmerman's [Geier Enterprises' counsel]. So I don't think it was appropriate for either side to pay for the other side's attorney.

Oct. 7, 2004 Tr. at 17-18.

On October 14, 2004, Geier Enterprises filed another notice of appeal stating that it was appealing both the October 7 and September 15 ruling as to attorney fees and costs.

The September 15 judgment expressly states that each party is to bear its own costs and attorney fees. This is clearly a ruling on the issue of costs and fees. Moreover, on October 7, the bankruptcy court expressly stated that it intentionally ruled on the costs and fee issue; it did not merely leave form language on a judgment form. Since a judgment had already been entered denying fees and costs, any subsequent request for fees and costs would have to be a request for reconsideration seeking to amend the judgment that had already been entered denying fees and costs. Although the written motion does not expressly label itself as one for reconsideration, to amend the judgment, as being pursuant to Bankruptcy Rules 9023 or 9024, or as being pursuant to Fed. R. Civ. P. 59 or 60, it is implicit that Geier Enterprises is seeking reconsideration to the extent costs and fees had already been denied. Additionally, that was expressly stated in court when the motion was presented on September 30, 2004. In any event, any substantive motion brought within 10 days of the entry of judgment is treated as being a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), which is incorporated in the Bankruptcy Rules through Fed. R. Bankr. P. 9023. Curry v. United States, 307 F.3d 664, 666 (7th Cir. 2002), cert. denied, 538 U.S. 989 (2003); Charles v. Daley, 799 F.2d 343, 347 (7th Cir. 1986); Opara v. United States, 2005 WL 1653902 *3 (N.D. Ind. July 8, 2005); In re

Wiley, 237 B.R. 677, 682 (Bankr. N.D. Ill. 1999); Linton v. Grow, 183 B.R. 838, 840 (S.D. Ind. 1995). This includes a motion for costs or attorney fees filed within 10 days of the entry of a judgment denying costs or attorney fees. Hastert v. Illinois State Board of Election Commissioners, 28 F.3d 1430, 1438 n.8 (7th Cir. 1993), cert. denied, 513 U.S. 964 (1994).

Fed. R. Civ. P. 59(e) provides that the motion must be "filed" within 10 days of the "entry of the judgment." Unlike the Federal Rules of Civil Procedure, see Fed. R. Civ. P. 6(a), intermediate Saturdays, Sundays, and holidays are counted when computing periods of 10 days, see Fed. R. Bankr. P. 9006(a). Here, the September 15, 2004 judgment was entered on the docket on September 16. Ten days thereafter would expire on September 26, but that was a Sunday, so a Fed. R. Bankr. P. 9023 motion would have had to have been filed by Monday, September 27, 2004. See Fed. R. Bankr. P. 9006(a). Geier Enterprises' motion was timely filed on September 27. The motion Geier Enterprises labeled as a motion for attorney fees is properly characterized as a motion pursuant to Fed. R. Bankr. P. 9023, which incorporates Fed. R. Civ. P. 59(e).

The time for appealing a bankruptcy judgment to the district court generally is measured from the entry of judgment. See Fed. R. Bankr. P. 8002(a). Where a timely Fed. R. Bankr. P. 9023 motion is filed, the time for appeal is measured from the

entry of the order disposing of that motion. Id. 8002(b). A notice of appeal filed after the entry of judgment, but before disposition of a timely Fed. R. Bankr. P. 9023 motion, is ineffective until after the entry of the order disposing of the Rule 9023 motion. Thus, both Telegraph's notice of appeal and Geier Enterprises' October 1 notice of appeal became effective when the denial of Geier Enterprises's costs and fees motion was entered on the docket on October 7, 2004. The bankruptcy court had jurisdiction to rule on Geier Enterprises' Rule 9023 motion. At the October 7 hearing, the bankruptcy court stated its grounds for having each party bear its own costs and attorney fees. Geier Enterprises' request for costs and fees was denied on its merits and will be reviewed on its merits, subject to the discretionary standard of review applicable to such issues.

Under Fed. R. Bankr. P. 7054(b), the bankruptcy court may award costs to the prevailing party. There is a strong presumption that a prevailing party is entitled to costs. Mungo v. Taylor, 355 F.3d 969, 978 (7th Cir. 2004); Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997). "Generally only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." Congregation of the Passion, Holy Cross

Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir. 1988). Accord Mungo, 355 F.3d at 978; Contreras, 119 F.3d at 1295. The bankruptcy court's decision as to costs will only be overturned if it constitutes an abuse of discretion. Mungo, 355 F.3d at 978. However, "[t]his 'discretion is narrowly confined because of the strong presumption created by [this rule] that the prevailing party will recover costs.'" Id. (quoting Contreras, 119 F.3d at 1295).

Any factual findings that are a basis for the ruling on costs and fees must be accepted unless clearly erroneous.

> . . . "[f]indings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Thus, a bankruptcy court's factual findings cannot be disturbed "simply because [the district court] is convinced it would have decided the case differently." In re Weber, 892 F.2d 534, 538 (7th Cir. 1989) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). Both questions of law and mixed questions of law and fact, however, are reviewed de novo. See In re Ebbler Furniture and Appliances, Inc., 804 F.2d 87, 89 (7th Cir. 1986).

Mungo, 355 F.3d at 974.

Section 31 of the parties' lease provides in part: "If Landlord or Tenant shall at any time be in default other than [under § 23.1.1 or 23.1.6 pertaining to payment of rent], and if Landlord or Tenant shall deem it necessary to engage attorneys to

enforce their rights hereunder, the nonprevailing party shall reimburse the other for reasonable expenses, including but not limited to court costs and reasonable attorney's fees." This section has three principal requirements for awarding costs and fees: (1) one party is in <u>default</u>, (2) the other party engages attorneys to <u>enforce rights</u> under the lease, and (3) the party seeking costs and fees has <u>prevailed</u> in the dispute. Neither party contends that § 31 is ambiguous or that any extrinsic evidence need be considered in construing the meaning of this section. The parties agree that Illinois law applies to this dispute. Under Illinois law, the terms of a contractual fee provision are strictly construed. <u>Erlenbush v. Largent</u>, 353 Ill. App. 3d 949, 819 N.E.2d 1186, 1189 (4th Dist. 2004); <u>Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systems, LLC</u>, 2005 WL 948790 *2 (N.D. Ill. April 19, 2005). The bankruptcy court's decision as to whether to award fees under § 31 of the lease is reviewed for abuse of discretion. <u>Harter v. Iowa Grain Co.</u>, 220 F.3d 544, 549 (7th Cir. 2000); <u>Raffel v. Medallion Kitchens of Minnesota, Inc.</u>, 139 F.3d 1142, 1147 (7th Cir. 1998).

Geier Enterprises contends that the bankruptcy court's finding that its attorney prolonged this matter is not supported by the record and contrary to factual findings that the bankruptcy court made on the merits. It contends it was the

prevailing party in litigation to enforce the lease and no basis exists for not awarding it costs and attorney fees. Telegraph contends that the bankruptcy court's factual basis for denying costs and fees is adequately supported by the record. It also contends that Geier Enterprises was not the prevailing party under either Fed. R. Bankr. P. 7054(b) or § 31 of the lease because Geier Enterprises only obtained a declaration that PRE was a commercially reasonable assignee. Telegraph contends there was no alteration of the legal relationship between the parties, no enforcement of rights under the lease, and the party benefitting from the judgment was PRE not Geier Enterprises.

Under Bankruptcy Rule 7054(b), the prevailing party is the party which prevails as to a substantial part of the litigation. See Testa v. Village of Mundelein, Ill., 89 F.3d 443, 447 (7th Cir. 1996); Goldsmith v. Murphy, 2005 WL 442230 *3 (N.D. Ill. Feb. 22, 2005). Under Illinois contract law, a "party can be considered a 'prevailing party' for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in his favor, or by obtaining an affirmative recovery." Jackson v. Hammer, 274 Ill. App. 3d 59, 653 N.E.2d 809, 817 (4th Dist.), appeal denied, 164 Ill. 2d 565, 660 N.E.2d 1270 (1995). Accord J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership, 325 Ill. App. 3d 276, 757 N.E.2d 1271, 1275 (5th Dist. 2001). The party

enforce their rights hereunder, the nonprevailing party shall reimburse the other for reasonable expenses, including but not limited to court costs and reasonable attorney's fees." This section has three principal requirements for awarding costs and fees: (1) one party is in <u>default</u>, (2) the other party engages attorneys to <u>enforce rights</u> under the lease, and (3) the party seeking costs and fees has <u>prevailed</u> in the dispute. Neither party contends that § 31 is ambiguous or that any extrinsic evidence need be considered in construing the meaning of this section. The parties agree that Illinois law applies to this dispute. Under Illinois law, the terms of a contractual fee provision are strictly construed. <u>Erlenbush v. Largent</u>, 353 Ill. App. 3d 949, 819 N.E.2d 1186, 1189 (4th Dist. 2004); <u>Kempner Mobile Electronics, Inc. v. Southwestern Bell Mobile Systems, LLC</u>, 2005 WL 948790 *2 (N.D. Ill. April 19, 2005). The bankruptcy court's decision as to whether to award fees under § 31 of the lease is reviewed for abuse of discretion. <u>Harter v. Iowa Grain Co.</u>, 220 F.3d 544, 549 (7th Cir. 2000); <u>Raffel v. Medallion Kitchens of Minnesota, Inc.</u>, 139 F.3d 1142, 1147 (7th Cir. 1998).

Geier Enterprises contends that the bankruptcy court's finding that its attorney prolonged this matter is not supported by the record and contrary to factual findings that the bankruptcy court made on the merits. It contends it was the

prevailing party in litigation to enforce the lease and no basis exists for not awarding it costs and attorney fees. Telegraph contends that the bankruptcy court's factual basis for denying costs and fees is adequately supported by the record. It also contends that Geier Enterprises was not the prevailing party under either Fed. R. Bankr. P. 7054(b) or § 31 of the lease because Geier Enterprises only obtained a declaration that PRE was a commercially reasonable assignee. Telegraph contends there was no alteration of the legal relationship between the parties, no enforcement of rights under the lease, and the party benefitting from the judgment was PRE not Geier Enterprises.

Under Bankruptcy Rule 7054(b), the prevailing party is the party which prevails as to a substantial part of the litigation. See Testa v. Village of Mundelein, Ill., 89 F.3d 443, 447 (7th Cir. 1996); Goldsmith v. Murphy, 2005 WL 442230 *3 (N.D. Ill. Feb. 22, 2005). Under Illinois contract law, a "party can be considered a 'prevailing party' for the purposes of awarding fees when he is successful on any significant issue in the action and achieves some benefit in bringing suit, receives a judgment in his favor, or by obtaining an affirmative recovery." Jackson v. Hammer, 274 Ill. App. 3d 59, 653 N.E.2d 809, 817 (4th Dist.), appeal denied, 164 Ill. 2d 565, 660 N.E.2d 1270 (1995). Accord J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership, 325 Ill. App. 3d 276, 757 N.E.2d 1271, 1275 (5th Dist. 2001). The

party that obtains a judgment in its favor is usually considered to be the prevailing party. Esker, 757 N.E.2d at 1275; Kempner, 2005 WL 948790 at *3.

Geier Enterprises could not complete the sale of its Athletic Club unless Telegraph consented to the assignment of the lease. The judgment that was entered contains a declaration that Telegraph unreasonably refused to consent to the assignment. This is a declaration that benefits Geier Enterprises, not just PRE. Moreover, the judgment also provides that Telegraph is compelled to consent to the assignment. Thus, the present case is distinguishable from Illinois cases holding that a declaration does not constitute the enforcement of rights. See, e.g., Powers v. Rockford Stop-N-Go, Inc., 326 Ill. App. 3d 511, 761 N.E.2d 237, 240-41 (2d Dist. 2001). In the present case, Geier Enterprises obtained enforcement of a provision of the lease in that the judgment provides that Telegraph is compelled to consent. Geier Enterprises clearly was the prevailing party both under the terms of the parties' lease and under Fed. R. Bankr. P. 7054(b).

Since Geier was the prevailing party, there had to be a good reason to deny fees and costs. The bankruptcy court exercised its discretion to deny both costs and fees based on findings that Geier Enterprises extended matters by failing to provide adequate documentation and failing to adequately

communicate with the other side both prior to and after litigation was commenced.

Under Bankruptcy Rule 7054(b), raising unnecessary issues or unnecessarily prolonging proceedings can constitute good reason for denying costs. See Congregation of the Passion, 854 F.2d at 222. Such reasons could also be a sufficient basis for denying costs and fees under a contractual fee-shifting provision. The bankruptcy court's view was that this litigation could have been avoided or at least resolved prior to trial if Geier Enterprises promptly provided all the financial documents supporting the assignment and had been clearer in its communications with Telegraph. In other words, it was the bankruptcy court's view that Geier Enterprises unnecessarily prolonged the adversary proceeding.

Geier Enterprises contends that the evidence only shows that its attorney repeatedly sought an explanation from Telegraph as to why it would not consent to the assignment. It points to the fact that the discovery was quickly completed and that the case went to trial within three months after the adversary proceeding was filed. Geier Enterprises does not dispute that, under § 20.1 of the parties' lease, Geier Enterprises was required to provide financial documentation showing that the financial condition of the proposed assignee was sufficient to meet obligations under the lease. Geier Enterprises instead

contends that it would not have made any difference because, even after adequate disclosure during discovery, Telegraph again denied consent.

The evidence does not support the bankruptcy court's ground for denying costs and fees. While Geier Enterprises' pre-litigation submission may have been insufficient, Telegraph did not respond by informing Geier Enterprises that the submission was inadequate. It is undisputed that, prior to discovery in this lawsuit, Telegraph refused to state why it was denying its consent. Moreover, even after the lawsuit was filed and adequate documentation had been provided, Telegraph still refused to consent. Further, even after the bankruptcy court had ruled in Geier Enterprises' favor on the merits, Telegraph filed an appeal.[2] The only reasonable inference is that Telegraph would have declined consent even if further documentation had been provided prior to the filing of the lawsuit. Therefore, it was clear error to find that Geier Enterprises caused the need for litigation or prolonged the process by failing to provide adequate documentation before filing suit.

---

[2] The fact Telegraph was appealing was not known to the bankruptcy court at the time of its initial denial of costs and fees, but was known to the bankruptcy court at the time the Rule 9023 motion was denied and the bankruptcy court first stated on the record its ground for denying costs and fees.

After the lawsuit was filed, discovery and the trial proceeded promptly. Telegraph does not point to any litigation conduct by Geier Enterprises that unnecessarily prolonged the litigation itself. It was clear error to find otherwise.

Since the evidence does not support that Geier Enterprises prolonged the litigation, no adequate basis existed for not awarding fees and costs. The bankruptcy court's denial of costs and fees will be reversed and this case will be remanded to the bankruptcy court for a determination as to the proper amount of costs and fees. To the extent that the bankruptcy court finds that any particular litigation conduct of Geier Enterprises was unnecessary, the bankruptcy court may appropriately take that into consideration in determining the appropriate amount to award. Also, since Telegraph dropped its appeal and Geier Enterprises' appeal was successful, Geier Enterprises is also entitled to its reasonable costs and fees on appeal. The bankruptcy court shall also determine the appropriate amount for costs and fees on appeal.

IT IS THEREFORE ORDERED that the decision of the Bankruptcy Court as to costs and attorney fees is REVERSED. The Clerk of the Court is directed to enter judgment REVERSING the bankruptcy court's rulings on costs and fees in Adversary Proceeding 04 A 185 (02 B 24261). This adversary proceeding is REMANDED to the bankruptcy court for a determination of the

amount of costs and attorney fees.  Geier Enterprises is awarded its reasonable costs and attorney fees on appeal.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: AUGUST 30, 2005